IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 99-40100

---

JOE R. STRINGER; DESIREE H. STRINGER,

Plaintiffs-Appellants,

versus

CENDANT MORTGAGE CORPORATION,
doing business as PHH
Mortgage Services Corporation,

Defendant-Appellee.

---

Appeal from the United States District Court
For the Eastern District of Texas

---

December 22, 1999

Before HIGGINBOTHAM and SMITH, Circuit Judges, and DUPLANTIER[*],
District Judge.

PER CURIAM:

This case requires the construction of section 51 of the Texas
Constitution: whether a home equity lender may require the
borrower to pay off other third-party debt not secured by the
homestead with the loan proceeds. Because this case involves a
determinative question of state law which the Texas courts have not
definitively decided, we are persuaded that we should certify the
question to the Supreme Court of Texas.

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS

---

FOR THE FIFTH CIRCUIT

TO THE SUPREME COURT OF TEXAS, PURSUANT TO THE TEXAS

CONSTITUTION, ART. 5, § 3-C AND TEX. R. APP. P. 114

TO THE SUPREME COURT OF TEXAS AND THE HONORABLE JUSTICES THEREOF:


## I. STYLE OF THE CASE

The style of the case in which this certificate is made is Joe R. Stringer; Desiree H. Stringer, Plaintiffs--Appellants, versus Cendant Mortgage Corporation, doing business as PHH Mortgage Services Corporation, Defendant--Appellee, Case No. 99-40100, in the United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Eastern District of Texas.


## II. STATEMENT OF THE CASE

Joe and Desiree Stringer appeal a judgment holding that their home equity lender may condition its loan upon payment of third-party creditors from their loan proceeds.  The Stringers applied for a loan of $227,150 from Cendant secured by equity in their home.  Cendant gave them the required statutory notice, which read:

> (Q) loans described by section 50(a)(6), Article xvi,
> of the Texas Constitution must:
> (1) not require you to apply the proceeds to another
> debt that is not secured by your home or to another
> debt to the same lender. . . .

At closing, Cendant insisted that as a condition of closing, $106,174.92 of the loan proceeds be used to pay off designated

2

third-party creditors.  Those debts had not been secured by equity in the Stringers' home.  The Stringers filed suit in Texas state court, contending that the Texas Constitution prohibited that act.  Cendant removed the case on diversity grounds and filed a motion to dismiss, which the district court granted.

Texas amended its Constitution in 1997 to allow home equity loans.  See TEX. CONST. ART. XVI § 50 (1999).  The provision allows for home equity loans but includes many protections for the borrower.  The first requirement relevant here is § 50(a)(6)(Q)(I), which limits the lender's ability to apply the loan proceeds against other debts:

> [an extension of credit that is made on the condition that:] the owner of the homestead is not required to apply the proceeds of the extension of credit to repay another debt except debt secured by the homestead or debt to another lender. . . .

TEX. CONST. ART. XVI § 50(a)(6)(Q)(I) (1999).  The second provision requires that the lender provide written notice regarding what debts the lender may require to be paid.  That provision advises the debtor:

> (Q) LOANS DESCRIBED BY SECTION 50(a)(6), ARTICLE XVI, OF THE TEXAS CONSTITUTION MUST:
> (1) NOT REQUIRE YOU TO APPLY THE PROCEEDS TO ANOTHER DEBT THAT IS NOT SECURED BY YOUR HOME OR TO ANOTHER DEBT TO THE SAME LENDER. . . .

§ 50(g)(Q)(1) (1999).

The language of these two provisions arguably cannot be reconciled:  the positively-framed § 50(g)(a)(6) reads that the lender may force the payment of third-party debts unsecured by

3

the home, while the prohibitively-framed § 50(g)(Q) reads that the lender may not.

The parties urge different methods of statutory construction to resolve the dilemma. Cendant proposes that we focus on § 50(a), which it describes as the "substantive" provision, and dismiss the inconsistency in the notice provision as poor drafting. The Stringers argue that the legislative history and the presumed narrowness of exception language requires that the prohibitive language of the notice provision be given effect. The choice between these methods would require us to make an important decision that ought to be made by the State of Texas. This we are reluctant to do, particularly given the unique position the homestead has historically held under Texas law.

## III. QUESTION CERTIFIED

Under the Texas Constitution, may a home equity lender require the borrower to pay off third-party debt that is not secured by the homestead with the proceeds of the loan?

## IV. CONCLUSION

We disclaim any intention or suggestion that the Supreme Court of Texas confine its reply to the precise form or scope of the question certified. We look for guidance from our state court colleagues. The answer they provide will be dispositive of the principal issue on appeal in this case. The record in this action, together with the copies of the parties' briefs, is transmitted herewith.

4

This panel retains cognizance of the appeal in this case pending response from the Supreme Court of Texas. We hereby CERTIFY the question stated above to the Supreme Court of Texas.